UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRAMAINE OWENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV421-299 |
| JOHN WILCHER, | ) ) ) |
| Defendant. | ) ) |

## ORDER

*Pro se* Plaintiff Tramaine Owens brought this action under 42 U.S.C. § 1983 alleging that he is forced to eat cold and undercooked food at the Chatham County Jail.  Doc. 1 at 6.  He seeks to proceed *in forma pauperis* ("IFP").  Doc. 2.  The application is deficient.

To correct the deficiencies discussed below, Owens is **DIRECTED** to amend his application within 14 days.  Owens currently has four cases before the Court with pending IFP motions, including this case.  *See Owens v. Wilcher*, CV421-295, doc. 2 (S.D. Ga. Oct. 8, 2021); *Owens v. Wilcher*, CV421-298, doc. 7 (S.D. Ga. Nov. 22, 2021); *Owens v. Wilcher*, CV421-299, doc. 2 (S.D. Ga. Oct. 12, 2021); *Owens v. Wilcher*, CV421-300, doc. 6 (S.D. Ga. Nov. 22, 2021).  Since those IFP motions are similarly

1

deficient, Owens is further **DIRECTED** to file a single motion to proceed IFP which applies to all four cases. To do so, he must list all four case numbers, listed above, on the completed form.

Under 28 U.S.C. § 1915,

> . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), all prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game, this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865, at *1 (S.D. Ga. Mar. 19, 2013).

In Owens' application, he discloses a prison trust account with a balance of $239.08, and a Wells Fargo bank account with a balance

"[greater than or equal to] $2,000." Doc. 2 at 2. In three additional § 1983 cases recently filed by Owens, however, he appears to state that his Wells Fargo account has a balance of "[less than or equal to] [$]2,000," *Owens v. Wilcher*, CV421-295, doc. 2 at 2 (S.D. Ga. Oct. 8, 2021), and "[l]ess than [$]2,000," *Owens v. Wilcher*, CV421-298, doc. 7 at 2 (S.D. Ga. Nov. 22, 2021); *Owens v. Wilcher*, CV421-300, doc. 6 at 2 (S.D. Ga. Nov. 22, 2022). To resolve this discrepancy and determine whether Plaintiff may proceed IFP, he must properly fill out his application, disclosing the balance of all his bank accounts within 14 days from the date of this Order. Providing this information will better illuminate Plaintiff's true financial condition. In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration—under penalty of perjury. If he wishes to submit any material beyond the preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience. Failure to comply with this directive will result in a recommendation of dismissal on IFP-

deficiency grounds alone. *Kareem v. Home Source Rental*, 2014 WL 24347, at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED**, this 30th day of November, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA