IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TRAMAINE OWENS,                    *
                                   *
        Plaintiff,                 *
                                   *
   v.                              *          CV 421-299
                                   *
SHERIFF JOHN T. WILCHER,           *
                                   *
        Defendant.                 *

_____

O R D E R
_____

Plaintiff filed this lawsuit while incarcerated at Chatham
County Detention Center. (Compl., Doc. No. 1, at 10.) Plaintiff
is proceeding *pro se* and *in forma pauperis* ("IFP") in this case
brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP
status).) Because he is proceeding IFP, Plaintiff's pleadings
must be screened to protect potential defendants. Phillips v.
Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin
v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28
U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more
lenient standard than those drafted by an attorney, Erickson v.
Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the
Complaint or any portion thereof if it is frivolous, malicious,
fails to state a claim upon which relief may be granted, or if it
seeks monetary relief from a defendant who is immune to such
relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the

following reasons, Plaintiff's Complaint is dismissed as frivolous.

## I.   BACKGROUND

Plaintiff's Complaint alleges that he is being forced to eat cold food which has resulted in a disruption of his bowel movements. (Doc. No. 1 at 6.) As examples, Plaintiff describes being served partially raw, cold ground beef and grits that are so cold they can be eaten in "spoon cut cubes." (Id.)

Also of note, Plaintiff filed a document entitled "Affidavit of Sovereignty" which contains what appears to be sovereign citizen arguments and language. (See Affidavit of Sovereignty, Doc. No. 4, at 1.) For example, Plaintiff claims that he is a non-citizen national, "not a person, citizen, or anything subject to the authority of the accused or authorities superceeding [sic] the accused." (Id.) Although in this document Plaintiff appears to assert the United States government has no authority over him (see id.), Plaintiff requests the Court grant him $4.5 million "United States dollars" in compensation for the Sheriff's transgression of serving him cold food, unless "the court decides [his] ongoing injury deserves more compensation." (See Doc. No. 1, at 7).

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is

2

frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements

3

of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).   In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Before considering the allegations against the Defendant, it is necessary to resolve Plaintiff's apparent assertion of sovereign citizenship.  Although the intentions of Plaintiff's "Affidavit of Sovereignty" are unclear, courts have uniformly rejected attempts by "sovereign citizens" to evade jurisdiction. See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." (citing United States v. Benabe, 654 F.3d 753, 761-67 (7th Cir. 2011)

(collecting cases rejecting sovereign citizen claims as frivolous))). Therefore, Plaintiff's claims based on such theories are dismissed as frivolous.

As to his claims regarding prison meals, Plaintiff sued Sheriff Wilcher in his "official capacity." A sheriff acts as an "arm of the state" when promulgating policies and procedures governing conditions of confinement in the jails under his purview, and not as a "person" as contemplated by Section 1983. See Lee v. Dugger, 902 F.2d 822, 826 n.4 (11th Cir. 1990) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Thus, Sheriff Wilcher "in his official capacity" is not a properly named person under the statute. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1991))). Furthermore, Sheriff Wilcher is likely immune when sued in his official capacity. Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1325 (11th Cir. 2005) (holding sheriff immune in official capacity when promulgating policies and procedures governing conditions of confinement at jail) (citing Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)). Thus, Plaintiff's Complaint is deficient in naming Sheriff Wilcher in his official capacity only rather than including individual capacity

allegations.

Although leave to amend is "freely given" to *pro se* Plaintiffs, amendment here to correct the deficiency would be futile. See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). This is true because "the Constitution does not mandate comfortable prisons." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347-349 (1981) ("To the extent [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). Prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." <u>Id.</u>; see also <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir. 2004) (holding that a prisoner must prove that the prison condition he complains of is sufficiently serious and "extreme" to violate the Eighth Amendment). Any challenged condition must pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety" to be cognizable. <u>Id.</u>

As relevant to the specific condition of food served, the Constitution only requires that prisoners be provided "reasonably adequate food." <u>Hamm v. DeKalb Cnty.</u>, 774 F.2d 1567, 1575 (11th Cir. 1985); see also <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)

6

(holding that the Eighth Amendment requires provision of adequate food).  Plaintiff failed to state a constitutionally sufficient risk of serious damage to his health and safety by alleging that the cold food causes him intermittent constipation.  See Daniels v. City of Hartford, Ala., 645 F. Supp. 2d 1036, 1060 (M.D. Ala. 2009) (holding specifically in reference to solidified grits: "While the food and drink . . . would displease a discerning epicurean, all the Constitution requires is . . . reasonably adequate food sufficient to maintain the health of the inmates."). Accordingly, Plaintiff's Complaint fails to state a claim, and amendment would be futile.

## IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any non-frivolous claims in his Complaint.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  The clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _5th_ day of July, 2022.

UNITED STATES DISTRICT JUDGE